596 So.2d 518 (1992)
L.B. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1164.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The police stopped a vehicle driven by the defendant. When the defendant and passenger (codefendant) exited the vehicle the officer, noticing a bulge in the passenger/codefendant's pants, searched the passenger/codefendant, discovering a package containing cocaine. The passenger/codefendant stated that the defendant handed her the package of cocaine. When charged with possession the codefendant successfully moved to have the evidence *519 suppressed on the ground the search was illegal but the trial court denied the defendant's motion to suppress the evidence illegally seized from the passenger/codefendant on the ground the defendant had no reasonable expectation of privacy for the package of contraband and therefore had no standing to challenge the search of the passenger/codefendant. The defendant was convicted and appeals. We affirm.
A defendant does not have standing to suppress evidence merely because the evidence was obtained in violation of the Fourth Amendment rights of a codefendant. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); see also 4 LaFave, Search and Seizure, § 11.3(i) pgs. 359, 360 (1987).
AFFIRMED.
GOSHORN, C.J., and DIAMANTIS, J., concur.