HARRIS, Chief Judge.
Lyndon Deal Hodge was stopped for speeding.[1] After a traffic warning was given and Hodge was free to leave, the officer asked Hodge if he could search the “vehicle and the contents therein” for drugs. Hodge, assuring the officer that he would find no drugs, consented to the search. Hodge and the two passengers vacated the vehicle so that the search could be conducted. The officer observed that the female passenger was carrying a purse. He searched it and found 259 grams of cocaine. There was conflict in the evidence as to whether the passenger consented to the search of her purse.
When the cocaine was found, and after Miranda warnings were given, Hodge “confessed” that he and the male passenger had purchased the cocaine in Miami. Because the female passenger was carrying the cocaine, all three were arrested.
The trial judge subsequently suppressed the evidence as it related to the female passenger, finding that she had not consented to the search and that her Fourth Amendment rights had been violated. The trial court further found that Hodge had no standing, however, to raise a violation of the passenger’s rights in order to suppress the evidence against him. Therefore, the court denied Hodge’s motion to suppress. Hodge appeals; we affirm.
This court faced an identical challenge in Thomas v. State, 596 So.2d 518 (Fla. 5th DCA 1992). Judge Cowart, in writing for a unanimous court, held:
The passenger/codefendant stated that the defendant handed her the package of cocaine. When charged with possession the codefendant successfully moved to have the evidence suppressed on the ground the search was illegal but the trial court denied the defendant’s motion to suppress the evidence illegally seized from the passenger/codefendant on the ground the defendant had no reasonable expectation of privacy for the package of contraband and therefore had no standing to challenge the search of the passenger/codefendant.
A defendant does not have standing to suppress evidence merely because the evidence was obtained in violation of the Fourth Amendment rights of a codefend-ant. (Citations omitted.)
Here, Hodge had no expectation of privacy in the contents of his codefendant’s purse and, therefore, has no standing to raise her constitutional challenge to suppress the evidence against him.
AFFIRMED.
COBB and GOSHORN, JJ., concur.

. We find sufficient evidence in the record to sustain the court’s finding that the stop was legal and the search, except as discussed in this opinion, was properly conducted.